IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In Re: "Paysage Bords De Seine", )
1879 Unsigned Oil Painting on Linen )
By Pierre-Auguste Renoir )
_____ )
 )
 )
United Stated of America, )
 )
                Plaintiff, )
 )
    v. )    Civil Action No. 1:13-cv-347 (LMB/TRJ)
 )
Anne Rogers Gruenberg, )
The Potomack Company, )
Sydney Michael Rogers, )
 )
            Potential Claimants. )
_____ )

**REPORT AND RECOMMENDATION**

This matter is before the court on the motion of plaintiff United States of America ("United States" or "plaintiff") for default judgment (no. 43) against potential claimants Anne Rogers Gruenberg, The Potomack Company and Sydney Michael Rogers (collectively "the defaulting potential claimants"). All of the defaulting potential claimants filed executed waivers of service with this court.[1] This court granted no extensions of the defaulting potential claimants' deadlines to answer or move in response, and the time for them to do so has expired. Default was thus properly entered against all three by the Clerk (nos. 38, 41).

---

[1] The Potomack Company filed its waiver of service on May 9, 2013. Doc. 22. A waiver of service was filed on behalf of Anne Rogers Gruenberg on May 16, 2013. Doc. 23. Sydney Michael Rogers filed a waiver of service on May 29, 2013. Doc. 26.

Upon consideration of the record, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff's favor against the defaulting potential claimants.

**Jurisdiction and Venue**

This court has original jurisdiction pursuant to 28 U.S.C. § 1335(a), as this is an interpleader action involving two or more adverse claimants of diverse citizenship, the subject matter of which is valued in excess of $500.[2] Venue lies in this court pursuant to 28 U.S.C. § 1397, because at least one claimant resides within the Eastern District of Virginia.

**Standard**

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion*

---

[2] The deposit requirement of 28 U.S.C. § 1335(a)(2) was waived by order of this court on March 18, 2013. Doc. 4.

*County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts).

**Factual Background**

The well-pled allegations of the complaint and the exhibits attached thereto establish the following facts.

This action arose when the United States seized "Paysage de Bords Seine," an 1879 unsigned oil painting on linen by Pierre-Auguste Renoir ("the property") pursuant to a seizure warrant on October 2, 2012. Thereafter, the United States filed the instant action seeking interpleader and injunctive relief, and sought to bring into the action any and all persons and entities that might have a claim to the property. Compl. ¶ 4; Doc. 4.

**Discussion and Findings**

The defaulting potential claimants all filed executed waivers of service with this court. In doing so, they recognized that they each had 60 days from the date of filing to answer or move in response to the complaint, or default judgment would be entered against them. As none of the defaulting potential claimants has filed an answer or moved in response to the complaint, default judgment is appropriate and the magistrate judge recommends that default judgment be entered against them. Also, at the hearing counsel for the government advised the court that each of these three potential claimants has told the government that no interest in the property is or will be claimed.

**Recommendation**

The magistrate judge recommends that default judgment be entered against potential

claimants Anne Rogers Gruenberg, The Potomack Company and Sydney Michael Rogers. The United States shall submit to the district judge a proposed judgment order within seven (7) days of this report and recommendation.

**<u>Notice</u>**

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to potential claimants Anne Rogers Gruenberg, The Potomack Company and Sydney Michael Rogers at their respective addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/<br>
Thomas Rawles Jones, Jr.<br>
United States Magistrate Judge

July 29, 2013
Alexandria, Virginia