IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **In re:** ) <br> ) <br> **"PAYSAGE BORDS DE SEINE", 1879** ) <br> **UNSIGNED OIL PAINTING ON LINEN BY** ) <br> **PIERRE-AUGUSTE RENOIR** ) <br> ) <br> ) <br> **UNITED STATES OF AMERICA**, ) <br> ) <br> Plaintiff, ) <br> ) <br> **v.** ) <br> ) <br> **BALTIMORE MUSEUM OF ART,** *et al.*, ) <br> ) <br> Potential Claimants. ) <br> ) | **1:13cv347 (LMB/TRJ)** |

## MARCIA "MARTHA" FUQUA'S
## SUR-REPLY TO THE BALTIMORE MUSEUM OF ART'S
## REPLY TO FUQUA'S OPPOSITION TO BMA'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Marcia "Martha" Fuqua, by counsel, and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure as well as Local Civil Rule 7, and leave of Court granted by prior Order hereby states as follows:

1. The Court has ordered Fuqua to file this Sur-Reply after denying Fuqua's Motion To Strike the BMA's Reply.  With respect, Fuqua continues to maintain that the Reply introduces new evidence and argument in support of the BMA's Motion for Summary Judgment. Without waiving that objection, Fuqua will proceed to address the arguments raised in the Reply Brief.

2. **Emily Rafferty Declaration and Supplemental Declaration**—The BMA's original Summary Judgment Motion and the original Emily Rafferty Declaration did not specify

under what particular theory, the BMA was purporting to authenticate the various hearsay documents or under what specific hearsay theory the BMA was claiming the documents to be admissible.  In its Reply the museum now contends that the documents at issue are admissible pursuant to 803(16) of the Rules of Evidence which is the ancient documents exception.

3. The Supplemental Rafferty Declaration only specifically addresses 4 documents. First is the 1940 "Listing of Saidie A. May Collection," second is the Card Catalog found under "returned loans," third is the purported 1935 letter from Saidie May, and lastly reference is made to two catalogs purport to reference shows allegedly including the painting in 1950 and 1951. The Supplemental Declaration fails to properly authenticate the documents at issue or to cure the deficiencies asserted in Fuqua's Opposition.

4. As to the 1940 "Listing of Saidie A. May Collection." Ms. Rafferty contends that this was a document Mr. Shapira asked about and the BMA's Reply, in footnote #2, actually contends that the 1940 document is the document found by Mr. Shapira.  This is not what the Supplemental Declaration actually says.  In this respect, the Reply and Ms. Rafferty's Supplemental Declaration (if the Supplemental Declaration means to imply or state that Mr. Shapira found the 1940 document) directly contradicts the deposition testimony of the Museum Director, Doreen Bolger.  Exhibit 2 of Fuqua's Opposition contains excerpts of testimony from the Ms. Bolger who was being deposed as the museum's designee.  On the deposition page marked as Page 25 and from lines 16-23, Ms. Bolger testified that Mr. Shapira found the *1937 Loan Receipt.*  The museum is bound by this testimony.  And in this respect, only Mr. Shapira, for purposes of this motion, could authenticate that this document was found in the BMA records.  Similarly, the BMA's Reply now suggests that Mr. Shapira would be necessary to

authenticate the 1940 Listing as well. In any event, Ms. Rafferty cannot authenticate the document based on personal knowledge.

5. As to the Card Catalog, Ms. Rafferty's supplemental declaration is belied by the museum's own deposition testimony that it is unknown who found this document. Importantly Ms. Rafferty's Supplemental Declaration admits and confirms that the card was found filed under "returned loans." In this respect, the Declaration of Frances Klapthor[1] is apparently offered to corroborate Ms. Rafferty's statements and to offer the argument that the card was incorrectly filed because the card indicates the painting was stolen. As has been argued at length in the Opposition, this argument is an inference that the Court cannot make on Summary Judgment. If the card was found under "returned loans," the Court must infer—*for purposes of summary judgment*—that the card was filed there because the loaned painting was returned. Ms. Klapthor's declaration and statements about the 1937 Loan Receipt do not add anything new and the Loan Receipt has been fully addressed in Fuqua's Opposition.

6. As to the 1935 purported letter from Saidie May, Ms. Rafferty's Supplemental Declaration now claims that she is familiar with the handwriting of Saidie May and that, as such, this purported letter can be confirmed to be written by Saidie May. In this regard, the BMA relies upon Rule 901(b)(2) which provides an example of how a nonexpert could authenticate handwriting. Although the instances listed in 901(b) are identified as examples, the Court cannot overlook that 901(b)(2) requires that the knowledge of the handwriting be obtained from some experience unrelated to the litigation. Tellingly, Ms. Rafferty's declaration does not (and presumably cannot) make this statement affirmatively. As such, Ms. Rafferty cannot be the person to authenticate this letter. Finally, as to the catalogs reflecting the purported showings of

---

[1] Fuqua reasserts and does not waive her objection as to Ms. Klapthor. Mr. Klapthor was not identified in disclosures or discovery.

the Painting by the museum, the Supplemental Declaration does not add anything new except Ms. Rafferty's attempt to date those documents which she cannot be doing from personal knowledge.

7. The BMA asserts that the Police Report is not subject to the hearsay rule because it is not being offered for the truth of the matter asserted. The contention is without merit. There is no other purpose for the police report than the BMA's attempt to demonstrate that the painting was stolen and that James Foster, the witness identified in the Police Report, told the Baltimore Police that it was stolen. The BMA's citation in this respect to Lang v. Cullen, 725 F. Supp. 2d 925, 960 (C.D. Cal 2010) is misplaced. In that case, witness statements were found admissible for the purpose of demonstrating what law enforcement knew at a particular time in a case where the coerced or false testimony of a witness was relevant. Id. In this case, what law enforcement may or may not have done in response to any statements by Mr. Foster is not relevant in any way. The only purpose of the statements is to attempt to establish the fact of the claimed theft. The witness statements are inadmissible.

8. Rule 807 should not be applied to this circumstance and should not be applied in the context of summary judgment. First, contrary to the BMA's assertion although the police report has been identified going back to the initial disclosures in this case, a notice specifically invoking Rule 807 has not been provided at any time. Indeed, Fuqua has consistently objected to the hearsay in this document and Rule 807 is being invoked for the first time. Further, there is no way for the court to make a determination, on summary judgment, as to any of the factors contained in Rule 807 or the cases cited by the BMA. The statements are just plainly hearsay and do not fall under any recognized exception.. What is more, the "unavailability" of Mr. Foster would be in question as the Baltimore Sun newspaper has quoted him in a story that

appears this very day. http://www.baltimoresun.com/entertainment/arts/bs-ae-renoir-curtain-raiser-20140109,0,7665467.story (last visited January 9, 2014).[2]

9. Fuqua reiterates the arguments otherwise made in her Opposition and reserves the right to address any further issues at the hearing on this matter.

WHEREFORE, for the foregoing reasons, Fuqua requests that the BMA's Motion for Partial Summary Judgment be denied.

Respectfully submitted:

_____/s/_____
T. Wayne Biggs, Esq., VSB No. 41281
DYCIO & BIGGS
10533 Main Street
Fairfax, Virginia 22032
(703) 383-0100
(703) 383-0101 (FAX)
twbiggs@dyciolaw.com
*Counsel for Marcia "Martha" Fuqua*

---

[2] The article indicates the Mr. Foster, now 92, has no recollection of these events. But, it appears that he is not unavailable.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of January, 2014, I filed the foregoing with the Court using the CM/ECF system which will then generate a Notice of Electronic Filing (NEF) to all counsel of record.

                                                _____/s/_____
                                                    T. Wayne Biggs